**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4781**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JERMAINE ANTHONY BRANCH,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:16-cr-00156-BO-1)

Submitted:  December 29, 2017            Decided:  January 16, 2018

Before KING, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura E. Beaver, THE BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Anthony Branch appeals his conviction and sentence of 112 months of imprisonment for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Branch's plea was knowing and voluntary and whether Branch's prior conviction for North Carolina common-law robbery was a crime of violence. We affirm.

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Because Branch neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).

Our review of the record reveals that, although the district court omitted several details required by Rule 11, Branch pleaded guilty "with sufficient awareness of the relevant circumstances and likely consequences." *Fisher*, 711 F.3d at 464. Branch has not shown that the court's omissions affected his substantial rights, as there is no evidence to suggest that "but for the error[s], he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted). Accordingly, we

2

conclude that Branch's plea was knowing and voluntary, *see Fisher*, 711 F.3d at 464, and thus "final and binding," *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Next, Branch asserts that North Carolina common-law robbery does not qualify as a crime of violence as defined in U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (2016). We recently held that common-law robbery is an enumerated offense under the Sentencing Guidelines. *United States v. Gattis*, ___ F.3d ___, ___, No. 16-4663, 2017 WL 6001522, at *4 (4th Cir. Dec. 4, 2017). Because North Carolina common-law robbery is a crime of violence, the district court properly applied a base offense level of 20 under USSG § 2K2.1(a)(4)(A).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Branch, in writing, of the right to petition the Supreme Court of the United States for further review. If Branch requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Branch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*